IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | |
|---|---|
| EMERGENCY PLANNING MANAGEMENT, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) ) |

No. 19-1024C

(Judge Thomas C. Wheeler)

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR AN INJUNCTION PENDING APPEAL

Pursuant to Rule 62(d) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully submits this response to plaintiff Emergency Planning Management, Inc.'s (EPM) motion for an injunction of the Next Gen solicitation pending the outcome of its appeal of this Court's decision to deny EPM's motion for judgment on the administrative record, and to grant defendant's cross-motion.

### BACKGROUND

The Court decided this case on October 2, 2019. In its opinion, it noted that EPM had raised the same general anti-bundling arguments that the Court had already rejected in *FMS Investment Corp. v. United States*. *Emergency Planning Management, Inc. v. United States*, 145 Fed. Cl. 77, 82 (2019) ("EPM largely relies on the same arguments raised in *FMS Investment Corporation* while hoping for a different outcome."). The Court rejected those arguments again. *Id.* The Court also rejected EPM's arguments based on certain regulatory and statutory requirements specific to small businesses within

the context of bundled services. *Id.* The Court found that the Department of Education (ED) either had met those requirements when designing the Next Gen procurement in response to Congress's mandate in the 2019 Appropriations Act for a full life-cycle of the loan approach to loan servicing (*e.g.*, via direct involvement of the Small Business Administration in the small business participation requirements of Next Gen), or that the requirements did not apply here (*e.g.*, under the regulations, EPM was not entitled to notification of the proposed consolidation of services, because it was not an incumbent contractor). *Id.*

EPM waited until the last possible day, December 2, 2019, to file its notice of appeal. An additional 30 days after that, EPM filed its motion for an injunction pending appeal. While EPM dithered over whether to appeal the Court's decision, and then over whether to move for an injunction pending appeal, ED moved forward with Next Gen. Proposals for the Business Process Operations portion of Next Gen (the portion that addresses full life-cycle loan servicing, including defaulted loan servicing) were due on August 2, 2019. *See* www.FBO.gov at Department of Education solicitation number 91003119R0008. ED has not yet made awards.[1] *Id.*

The Court should deny EPM's motion because it cannot (nor does it even attempt) to demonstrate a likelihood of success on the merits of its appeal. EPM disagrees with the Court's decision, and based on the thin support offered in its motion, it apparently will present on appeal the same arguments presented to this Court. This Court's decision was grounded in the administrative record and long-standing case law. An injunction

---

[1] Given the size and complexity of the overall Next Gen procurement, additional amendments to the solicitation as well as requests for updated proposals remain possible.

pending appeal is an extraordinary remedy, and as demonstrated below, and contrary to EPM's argument, this case does not present the manner of significant and novel issue that may warrant lowering the bar from a likelihood of success to a substantial case on the merits. But, even if the Court were to lower that bar and find that EPM clears it, EPM's motion still must fail, because the equities favor allowing ED and the parties interested in pursuing this solicitation to continue without interruption. There is no basis here to retard further the new loan servicing model that ED developed in response to a direct mandate from Congress.

## ARGUMENT

### I. EPM FAILS TO DEMONSTRATE A LIKELIHOOD OF SUCCESS ON THE MERITS OR A SUBSTANTIAL CASE ON THE MERITS

An injunction pending appeal "is an extraordinary remedy, and the Court will not grant such an injunction lightly." *Lawson Environmental Svcs., LLC v. United States*, 128 Fed. Cl. 14, 17 (2016). EPM must show: (1) it is likely to prevail on the merits; (2) irreparable harm absent an injunction; (3) the injunction will not substantially injure the other interested parties; and (4) issuance of an injunction is in the public interest. *Id.* "The Court's consideration of these four factors is 'flexible' – no single factor is determinative, and the Court need not give each factor equal weight." *Id.*

EPM argues that it does not have to demonstrate a likelihood of success on the merits, and it in fact concedes that it does not even attempt to do so in its motion, Mot. 4 n.3. Instead, EPM argues that it must only demonstrate a substantial case on the merits. *Id.* at 3 (citing *PDS Consultants, Inc. v. United States*, 133 Fed. Cl. 810, 816 (2017). However, a movant can only succeed on this lesser showing where the "'the balance of hardships tips *decidedly* towards the movant.'" *PDS Consultants,* 133 Fed. Cl. at 816

(quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953) (emphasis added in *PDS Consultants*). Thus, EPM must show that its appeal presents a substantial case on the merits and that the equities weigh heavily in its favor. Its motion fails on both counts.

EPM attempts to analogize its appeal to *PDS Consultants* and other cases presenting important issues of first impression to demonstrate that it has a substantial case on the merits. Mot. at 4. The attempted analogy falls flat. *PDS Consultants*, for example, presented an issue of first impression regarding the interplay between potentially contradictory procurement statutes – one that seemingly required the agency to procure a certain service from one source, while the other would require procurement from another source. *PDS Consultants*, 133 Fed. Cl. at 813-14. The court found that the protester's appeal stated a substantial case on the merits, because, as all parties explicitly agreed, the case concerned "an issue of first impression involving important contracting preferences." *Id.* at 817. That is not the case here.

In its opinion, the Court applied the very familiar rational basis standard to ED's decision to consolidate certain services in response to the Congressional mandate contained in the 2019 Appropriations Act. *Emergency Planning Management*, 145 Fed. Cl. at 81-82. The Court concluded that the administrative record included ample evidence to support the rationality of ED's discretionary decision to consolidate certain services. *Id.* The Court specifically found that the contracting officer had documented the rationale behind the consolidation, including the results of extensive market research, as well as the benefits that consolidation would bring. *Id.* at 81. The Court concluded that these facts in the administrative record aligned with the standard the Federal Circuit

set forth in *Tyler Construction*, which states that bundling services is appropriate when the agency performs such research and analysis. *Id.* (citing *Tyler Constr. Grp. v. United States*, 570 F.3d 1329, 1335 (Fed. Cir. 2009)).

The Court also addressed EPM's arguments based on specific bundling regulations related to small businesses. *Id.* at 82. The Court found that the administrative record demonstrated that ED had satisfied these requirements, which largely center on notification, because it had conducted a rule of two analysis, and it had communicated with the Small Business Administration regarding the solicitation. *Id.* The Court also found that EPM's complaint that it had not been notified of the solicitation had no merit, because it was not an incumbent contractor (the regulations only address notification to small business incumbents), and regardless, the solicitation had been on the street and amended so many times and over such a long period, EPM obviously had been aware of it for quite some time. *Id.*

When one considers the facts in the administrative record on which the Court relied, the same facts that will decide EPM's appeal, EPM's argument that it presents a substantial case on the merits concerning an important novel issue reduces to nothing. EPM's argument here amounts to little more than the hopeful assertion that a solicitation rationally based on a specific Congressional mandate and released only after consultation with the Small Business Administration, must be halted, because a non-incumbent small business, which was free to submit a proposal, believes it should be allowed to weigh-in on how better to include an opportunity specifically for it. EPM's appeal does not present a significant and novel issue. It presents a rehash of what was already a weak

argument when this Court rejected it.  The Court should deny the motion for an injunction, because EPM fails to establish a substantial case on the merits.

II.  **THE EQUITIES FAVOR ALLOWING THE GOVERNMENT AND OTHER INTERESTED PARTIES TO PROCEED WITH THE SOLICITIATION**

Even if the Court concludes that EPM raises at least a substantial case on the merits, then the propriety of an injunction pending appeal rests entirely on whether the equities "decidedly" favor the injunction.  *See PDS Consultants*, 133 Fed. Cl. at 816.  The equities weigh overwhelmingly in favor of the Government and the numerous interested parties currently working on submitting proposals in response to the Next Gen solicitations.

First, EPM will not suffer irreparable harm absent an injunction.  As this Court noted repeatedly in its opinion (and in the *FMS* opinion), bundling is not illegal.  If a rational basis for it exists, then the agency may proceed.  Here, ED's proposed consolidation adheres to a Congressional mandate.  The Court cited this fact, in addition to other supporting facts in the administrative record, to conclude that the consolidation cleared the low threshold of rationality.  *Emergency Planning Management*, 145 Fed. Cl. at 79-81.  EPM appears to recognize that it has little chance of overturning this aspect of the Court's ruling (a ruling the Court made *twice*), as the Federal Circuit will apply the same rationality standard to the agency's discretionary decision, because it focuses its motion for an injunction almost entirely on its disapproval of the Court's conclusion that the various regulations regarding small businesses in the bundling context did not support EPM's protest.  Mot. at 5 ("So, while it may be true that the Agency articulated some justification for its actions, the Agency nonetheless failed to follow the mandatory,

statutory and regulatory procedural inquiry that Congress enacted when it added bundling provisions to the Small Business Act.").

Those regulations, however, do not concern the legality of an agency decision to bundle. Instead, they set forth certain notification and other requirements to ensure that the interests of small businesses are considered when an agency may choose to consolidate services. *See Emergency Planning Management*, 145 Fed. Cl. at 82. Setting aside the fact that the administrative record demonstrates, and this Court concluded, that ED had satisfied these requirements sufficiently, EPM's potential relief for this manner of claim is *not* a debt collecting set-aside for small businesses. The relief for any violation of those provisions could only be an order to satisfy that requirement (*e.g.*, make additional notice before closing the solicitation). Once completed, EPM most likely would find itself exactly where it was when it filed this litigation, having to decide whether to assemble a team to submit a proposal as a prime, or whether to join a team or teams submitting a proposal. That does not amount to an irreparable harm.

The options that were available to EPM, which would more than likely remain the options available to it following a successful appeal, also undermine EPM's claim of irreparable harm. The BPO solicitation was open to all, including small businesses, and teaming arrangement were allowed. Therefore, if EPM could not compete on its own, it was free to assemble a team and compete as the prime contractor on that team. Or, it could join a team or teams in a proposal. In addition, and as the Court noted in its opinion, the BPO solicitation includes a 32 percent participation rate for small businesses. *Id.* at 83. Thus, EPM already had ample opportunity to participate in this solicitation (an opportunity that may extend through the implementation of small business participation

plans by the awardees).  If it chose not to, the harm it has suffered should be charged to its account, not ED's.

EPM's claim that it will be irreparably harmed is also undermined by its slow-moving pursuit of an injunction.  EPM took the maximum amount of time to file a notice of appeal (60 days) and an additional 30 days to seek an injunction.  *See Lawson Environmental Svcs.*, 128 Fed. Cl. at 19 ("Plaintiff's claim of irreparable harm is belied by its lack of urgency in seeking this injunction.  Plaintiff did not file its request for an injunction pending appeal until over two months after this Court issued its decision.").  If the harm to EPM absent an injunction were really so devastating as to require it to seek that extraordinary form of relief, then surely EPM would have pursued that immediately, rather than wait 90 days.

Finally, the remaining equities also favor the Government.  ED and the parties pursuing the BPO contract have expended significant time and resources already on this solicitation.  Requiring everyone to stand-down so that EPM may pursue its appeal would only waste resources.  A delay would also force ED to continue to delay its implementation of a program that directly responds to a Congressional mandate.  It is also important here that a significant component of the "interested parties" whom an injunction would negatively affect, in fact, includes the public.  As the Court knows, throughout this and the preceding litigations, student debt was repeatedly referred to as a national crisis.  As the Court also knows, ED designed Next Gen, in response to Congress's mandate, to improve services and outcomes for student borrowers.  Further delaying the implementation of that effort would only delay, unnecessarily, something the public desperately needs.

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny EPM's motion for an injunction pending appeal.

                                  Respectfully submitted,

                                  JOSEPH H. HUNT
                                  Assistant Attorney General

                                  ROBERT E. KIRSCHMAN, JR.
                                  Director

                                  s/ Patricia M. McCarthy
                                  PATRICIA M. McCARTHY
                                  Assistant Director

OF COUNSEL:                         s/ David R. Pehlke

TRACEY SASSER                 DAVID R. PEHLKE
Assistant General Counsel        Trial Attorney
United States Department of Education    Department of Justice – Civil Division
Division of Business and Administrative Law  P.O. Box 480
                                                  Ben Franklin Station
                                                  Washington, D.C. 20044
                                                  Telephone: (202) 307-0252
                                                  Fax: (202) 353-0461
                                                  david.r.pehlke@usdoj.gov

January 16, 2020                        Attorneys for Defendant